HARRY F. KISSNER, Appellant, v. MARGUERITE S. BAXTER, as Executrix of WINFIELD R. BAXTER, Deceased, et al., Respondents.—*Per Curiam.* Appeal from a judgment of the Supreme Court, Delaware County, in favor of the respondents entered upon a jury verdict of no cause of action. Appellant seeks to recover for personal injuries sustained while walking on a public sidewalk in the business district of the Village of Delhi, being struck by the respondents' vehicle as it crossed the sidewalk upon a driveway leading from a parking lot to the street. On the evidence and particularly in view of section 1173 of the Vehicle and Traffic Law the jury's verdict of no cause of action could not have been based on finding the respondents free from negligence, therefore, the crucial issue to be resolved was whether the appellant was guilty of contributory negligence. It is our opinion that the trial court's charge on this issue and the issue of proximate cause was sufficiently prejudicial to the appellant to require a new trial in the interests of justice. At least four times during his charge the trial court stated that the appellant was required to demonstrate his freedom from negligence if he were to recover. At one point the trial court charged "he [the appellant] must and has the burden of proof of satisfying you * * * that he * * * was free from *any* negligence" (emphasis added), and again in the same paragraph "First, he must show you, as I have said, that he was free from any negligence of any nature regardless of how slight in causing this accident and * * * that the defendant operator * * * was solely responsible for this accident in question." Then in the very next paragraph he reiterates this same proposition again and a little later he states "Now, let me repeat * * * if you find that Mr. Kissner * * * was free from negligence of any kind". Moreover, portions of the charge improperly indicated that the appellant had the burden of establishing freedom from even the slightest negligence on his part. We believe that this crucial issue of the case was unduly exaggerated here and at no point did the court directly charge and explain proximate cause. Additionally, it is our opinion on this record that the finding of the jury is against the weight of the evidence. Judgment reversed, on the law and the facts and in the interest of justice, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam.*