■   WILLIAMS P. LYONS, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment unanimously modified, upon the law and the facts, to reverse and vacate the judgment in favor of defendant 914 Union Avenue, Inc., dismissing plaintiff's complaint, and a new trial ordered as against such defendant, without costs either to said defendant or to the plaintiff; and the judgment entered as aforesaid otherwise affirmed, with $50 costs and disbursements in favor of the defendant City of New York against the plaintiff. The plaintiff in this personal injury action established a prima facie case on the issue of liability and the record contains such error and prejudicial trial misconduct as to require a new trial. Particularly improper and prejudicial were the comments of defense counsel in summation with reference to the failure of the plaintiff to produce as witnesses the coemployees (not under his control) who were present at the scene of the accident, and with reference to the failure of plaintiff to read into evidence the deposition taken of an officer of the defendant company; also unfair and prejudicial was the comment inferring lack of a bona fide claim for any substantial injury as a result of the accident (this being a trial of the liability issue only). The trial court compounded the resulting prejudice to plaintiff by overruling his objections without proper rebuke to defense counsel and without proper instructions to the jury. (See *Cohen* v. *Covelli*, 276 App. Div. 375, 376; *Kohlmann* v. *City of New York*, 8 A D 2d 598.) The charge of the trial court with respect to contributory negligence was unfair. He stressed the

question of such negligence as a "most important one in this case", later stating that the plaintiff "was bound to look where he was going and to keep his wits about him." Plaintiff excepted, stating that he felt that the court had given "an undue emphasis on the obligation of the plaintiff" to exercise care, but the court failed to give further instructions. Furthermore, the remarks of the Trial Judge, including certain statements made in the presence of the jury, indicated a personal feeling disparaging to the merit of plaintiff's case. The trial court failed to "maintain an impartial attitude and exercise a high degree of patience and forebearance" necessary to assure plaintiff a fair trial (*Buckley v. 2570 Broadway Corp.*, 12 A D 2d 473; *Salzano v. City of New York*, 22 A D 2d 656; *Habenicht v. R. K. O. Theatres*, 23 A D 2d 378). Finally, we note that, inasmuch as the City of New York is no longer a defendant in the case, any reference to workmen's compensation on a retrial will be improper. Incidentally, on the basis of the record before us, we conclude that the trial court did properly exclude from evidence the photograph showing conditions following the accident. Concur — Botein, P. J., Eager, Steuer, Tilzer and McNally, JJ.