## (February 26, 1969)

■ FRANK JOKELSON, an Infant, by His Guardian ad Litem, SAMUEL JOKELSON, et al., v. ALLIED STORES CORP., Doing Business as STERN BROS.— Motion for resettlement [31 A D 2d 200] and for other relief denied. The Court of Appeals in *Hamilton* v. *Presbyterian Hosp.* (17 N Y 2d 719) granted a motion to dismiss the appeal unless a stipulation for judgment absolute was filed where in similar circumstances we resettled our order to state that the exclusion of malpractice as a ground for recovery was on the law. While the dismissal of the issue of overcrowding in this case was on the law, if we did not dismiss on the law we would have ordered a new trial on that issue on the additional grounds that the verdict was against the weight of the evidence and excessive and prejudicial error in the introduction of medical testimony on injuries in violation of subdivision 8 of rule XI of the Rules of the Supreme Court of Bronx and New York Counties; 22 NYCRR 660.11 [h]. The weight of evidence and excessiveness are issues of fact. (*Cohen & Karger*, Powers of N. Y. Ct. of Appeals, [rev. ed.], pp. 452, 589.) As to the issue of maintenance, the amended complaint alleges negligence "in allowing, permitting and maintaining an escalator on their premises to be in such a condition so that the infant plaintiff's fingers could be engaged in the mechanism of the escalator". The bill of particulars repeats in substance the allegation of the amended complaint as to maintenance. The charge to the jury submitted as a basis for negligence the failure of Stern Brothers to use escalator equipment which was reasonably safe because of its use of an escalator with a half-inch space between the treads, and further the court charged that the claim of negligence was also that "in connection therewith, it was the duty of this defendant Stern Brothers * * * in operating its business to use that degree of care and prudence that the ordinary reasonably prudent department store engaged in a similar undertaking would have exercised under the same or similar circumstances in the *maintenance* of its store and *escalators* so as to prevent injury to the customers including this infant plaintiff." Plaintiffs' main brief argues "The foregoing is an admission of conduct completely inconsistent with Stern's obligation to provide a reasonably safe means of *maintaining* its escalators." Concur — Steuer, J. P., Tilzer and McNally, JJ.; Rabin, J., deceased; McGivern, J., dissents in the following memorandum. I would grant the application. This case was not tried on the issue of " negligent maintenance ". There is no mention of this issue in the openings, colloquy, summations or charge. And the

Trial Judge in his charge explicitly excluded it from the consideration of the jury, after granting a motion to dismiss as to the Otis Company, which had the maintenance contract. Indeed, in granting this motion the court said: "there being no evidence to show that there was improper installation or negligent maintenance". Nor did plaintiff's attorney ever request a charge on "negligent maintenance". Further, contrary to the view of the majority, the plaintiff's amended complaint and bill of particulars as against Allied Stores, were not framed on "negligent maintenance" as an isolated court but on the failure of the store to regulate its patrons on or about the escalator, in permitting crowds to collect, without guards or supervision, despite knowledge there would be a large collection of people. The issue of "negligent maintenance" was asserted against Otis Elevator. This distinction between negligent maintenance as to Otis and possible liability of the store for the use of an outmoded escalator, under overcrowded conditions, without guards, should be manifest. The latter is the heart of plaintiff's case and the only theory ever asserted against Allied Stores. On appeal, all briefs united in a consensus that the pivotal issue as to Allied Stores was "overcrowding" on an obsolete escalator causing injury to the boy. Thus, the brief of defendant Allied Stores said categorically: "*Here, the plaintiffs pleaded one cause of action only: overcrowding.*" (Emphasis supplied.) And in defining the questions involved on the appeal, Allied Stores gave as question 1. "Did plaintiff fail to prove a *prima facie* case that the proximate cause of the accident was '*overcrowding*'?" (Emphasis supplied.) Identical views are to be found in the Allied brief. The brief of the defendant Otis said at page 5: "There is not an iota of proof in the record presently before this Court to support a jury finding that Otis was negligent in the discharge of the contractual duty which it had thus assumed under its escalator maintenance agreement with Stern, *nor did the plaintiffs themselves make any such claim at the trial of this action.* On the contrary, and as the Court subsequently charged the jury, the sole claim of the plaintiffs at the trial was that the accident resulting in the infant plaintiff's injury was caused by the negligence of Stern in failing 'to take adequate or sufficient precautions to prevent overcrowding or pushing' on the escalator at the time that the accident herein occurred and, in addition thereto, that 'Stern Brothers failed to use escalator equipment which was reasonably safe, because of its use of an escalator with a half inch space between the treads rather than a quarter inch space between the treads'." (Emphasis supplied.) And again, at page 11, the Otis brief says: "In the case at bar it was the claim of the plaintiffs at the trial that the accident resulting in the infant plaintiff's injury was caused by two things. First, by allowing the escalator involved herein to become so overcrowded that the child was pushed and fell while he was attempting to leave the same, thereby causing his fingers to come into contact with the comb plate, and secondly, in not having the escalator equipped with the newer or narrow-gauge type comb plate now required by Section C26-1161.0(d) of the Administrative Code of the City of New York in the case of all escalators installed after January 1, 1937\* — although it is conceded that this statutory requirement is not applicable to the escalator involved herein, which was installed prior to January 1, 1938." Actually, the sole ultimate issue was: overcrowding on an outmoded escalator causing injury to a boy. And compared with the records of similar cases, wherein recovery was permitted, and affirmed by appellate courts, the evidence herein on the issue of "overcrowding" was massive. (See *Abravanel* v.

---

\* The brief erroneously makes reference to "January 1, 1937" whereas the proper date is on or after January 1, 1938.

*Ohrbach's*, 294 N. Y. 674; *Lee v. Pennsylvania R.R. Co.*, 192 F. 2d 266.) Nevertheless, the majority has found *as a matter of law* the evidence to be insufficient. This holding is mystifying since the question was singularly and peculiarly a factual one for a jury. (*Lee v. Pennsylvania R. R. Co., supra.*) And to compound the confusion, the majority herein also declare that: "The weight of evidence and excessiveness are issues of fact." Evidence — as to "overcrowding"? And the order entered on this appeal dated December 17, 1968, modifies "on the law *and the facts*". As for the majority's reference to the trial court's handling of rule XI, surely this is a most diminutive reason for retrying a twenty-day case. In the first place, the rule places observance in the discretion of the Trial Judge permitting him "in the interests of justice and upon a showing of good cause" to hold otherwise. The Trial Judge, in my judgment, showed he was alive to the rule and exercised marked circumspection in treating it. But to send plaintiff back to a retrial on an issue that was never before the jury, the trial court or this appellate court, casts the plaintiff out, even though he new holds a jury verdict. It places such undue strictures upon him, procedurally and substantively, that in my judgment, it effectively dismisses his complaint and is tantamount to an abuse of discretion. The application should be treated as one for reargument which should be granted. Upon such reargument, if the majority of this court still feels the judgment below should be reversed upon the entire record, including alleged excessiveness of damage, then in that event this court should (1) direct a new trial on all issues bearing upon theories of liability heretofore advanced or that may then be advanced, or (2) at the very least, alternatively indicate that its exclusion of the issue of overcrowding was not upon the law but in the exercise of discretion. Thus, not, in the latter event, subjecting plaintiff, an infant, to the risk of seeking review by the Court of Appeals only on the basis of the filing of a stipulation for judgment absolute. (See *Hamilton* v. *Presbyterian Hosp.*, 17 N Y 2d 719.) As the order stands now, it administers the *coup de grace* to this boy's case, although he he has won a jury verdict unmarred by error.