CATHERINE CADY, as Administratrix of the Estate of PAUL R. CADY, Deceased, Respondent, *v.* CITY OF NEW YORK, Appellant, and MACK TRUCKS, INC., et al., Appellants-Respondents.

First Department, November 5, 1970.

*Bernard Burstein* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel,* attorney), for City of New York, appellant.

*Samuel Halpern* of counsel (*Konheim & Halpern,* attorneys), for Mack Trucks, Inc., appellant-respondent.

*William F. McNulty* of counsel (*Daniel J. Coughlin,* attorney), for Akron Brass Manufacturing Company, Inc., appellant-respondent.

*Robert Polstein* of counsel (*Jared Specthrie* with him on the brief; *Orans, Elsen & Polstein,* attorneys), for respondent.

EAGER, J. The defendants, City of New York (City) and Akron Brass Manufacturing Company, Inc. (Akron) appeal from a judgment entered upon a verdict in favor of plaintiff in an action to recover damages for alleged wrongful death and conscious pain and suffering.

The action, grounded in negligence, arises from the injuries and death of a New York City fireman occurring in the testing,

during maneuvers, of a piece of fire-fighting apparatus known as a multiversal portable deluge nozzle. This portable nozzle was designed and manufactured by defendant Akron and, with a number of other similar nozzles, had been purchased about 18 months before the accident by the defendant City for incorporation with and use as part of the fire apparatus on pumper trucks.

The device, weighing 78 pounds and standing $51\frac{1}{2}$ inches tall, was designed with a spider-like base, consisting of five legs made of malleable iron and was designed to stand on such legs while ejecting through its mouth a stream of water under enormous pressure. The accident happened when, during the course of the drill, the decedent, positioned at the side of the nozzle, was holding a Pitot gauge in the stream of water being discharged from the nozzle in order to determine the water pressure at the point of discharge. Apparently, during a build-up of the pressure of the water, the nozzle jumped and careened wildly, striking the decedent with considerable force, resulting in his injury and death.

Although there is some evidence in the record tending to show negligence on the part of the defendants City and Akron, we conclude that, as a matter of law and in the interests of justice, the plaintiff's verdict obtained on the present record may not stand.

Inasmuch as there is involved here a cause of action for wrongful death, the plaintiff is not held to as high a degree of proof as in a case where the injured plaintiff could himself describe the occurrence. (See *Noseworthy* v. *City of New York*, 298 N. Y. 76; *Andersen* v. *Bee Line*, 1 N Y 2d 169; *Wragge* v. *Lizza Asphalt Constr. Co.*, 17 N Y 2d 313; *Cruz* v. *Long Is. R. R. Co.*, 28 A D 2d 282; *James* v. *Holder*, 34 A D 2d 632.) Bearing in mind the holdings of these decisions, we conclude that there is sufficient proof in the present record (1) as to the negligence of the defendant City in the evidence tending to show failure to exercise reasonable care in the inspection of the fire nozzle, in the existence, with the actual or constructive knowledge of the City, of the alleged worn condition of the metal tips on the legs of the nozzle, and in the alleged failure of the City to exercise reasonable care during the use of the nozzle in a nonemergency drill, notwithstanding the knowledge of the City of the danger involved; and (2) as to the negligence of defendant Akron in its failure to exercise reasonable care in the matter of the construction of the device, and in its failure to give proper warnings in view of its actual or constructive knowledge that the metal in the tips of the legs, in the use of the nozzle, could become worn and uneven.

Notwithstanding, however, the support in the record for a recovery by plaintiff, there was such an improper submission of relevant issues by the trial court to the jury that the plaintiff's verdict may not stand. The court, in its very general charge and by virtue of the written interrogatories presented for answer by the jury, improperly submitted to the jury theories and grounds of negligence having no support in the evidence.

As to the defendant City, the court, in its charge, repeated the 11 grounds of negligence alleged in plaintiff's complaint and thereafter, in discussing negligence on the part of the City, failed to properly limit a finding of liability to a basis supported by the evidence. The City duly excepted to that portion of the charge wherein the court had "enumerated eleven different types of negligence as alleged by the plaintiff without limiting the issues to be presented to the jury". Included within the unsupportable theories of negligence submitted to the jury were the plaintiff's allegations that the City was negligent in the selection and acquisition of the particular nozzle, in the use of a nozzle which was defective in design and in the failure to properly supervise and conduct the testing operations.

As to the defendant Akron, the court repeated plaintiff's claim that Akron was negligent in manufacturing a nozzle which was defective in design and generally charged that such defendant could be found liable if the nozzle was defective when put on the market and if the defect was such that the nozzle was reasonably certain to be dangerous when put to normal use. The evidence, however, fails to support a recovery on the theory that there was a defect in the design of the nozzle.

In its requirement that the jury render a general verdict, the court requested written "Yes" or "No" answers to written interrogatories phrased in such general form as not to be help-ful in ascertaining the basis for the jury's verdict against the defendants. (See CPLR 4111.) The jury was asked to answer interrogatories as to whether or not it found each defendant "negligent", whether the accident was "proximately caused by any defect in the Akron product", and whether the defendant City had "actual notice of any defect in the Akron product"; and the answers to each of these interrogatories were in the affirmative. The jury, however, answered "No" to the question whether the accident "was caused solely and proximately by a defect in the Akron product". Under the circumstances, it may be assumed that the jury did find that the defendant City and Akron were "negligent" because of the existence of a "defect in the Akron product" and that the City had notice thereof. It

is a matter of speculation, however, as to the nature of the defect found by the jury. Furthermore, inasmuch as the jury did find that the " defect " in the nozzle was not the sole cause of the accident, one is left to speculate as to the other grounds of negligence found by the jury as a basis for liability on the part of the City.

The plaintiff argues that the verdict against the defendants may be supported on the theory that the accident was caused by a defect in design in that under certain conditions of water pressure, the nozzle would be caused to move if it was not restrained. The court, however, on request of the defendant Akron, had expressly instructed the jury that such defendant could not be held " liable to the plaintiff unless there existed at the time of the delivery of the product a latent defect  *  *  *  and such defect would put human life in imminent danger. Latent defect means one that is not discoverable by reasonable inspection." Then, during deliberations, when the jury requested instructions as to the meaning of the word " defect ", inquiring whether this meant " a defect of a part or of design or may it encompass a movement that can in no way be corrected by a change of the parts or design ", the court merely read to the jury the dictionary definition of the word " defect ". This certainly was not helpful to the jury and, upon the record, the jury was left to speculate as to an alleged defect which would cause movement of the nozzle under pressure.

Where, as here, on the basis of the instructions to the jury and the interrogatories as framed, the jury was permitted to find grounds for liability not supported by the evidence, a new trial is required. It is well settled that, where a plaintiff in a personal injury action is not entitled to a directed verdict, reversible error is committed by a trial court in the submission to the jury of theories of liability unsupported by the evidence; where a general verdict on one or more of several theories of negligence is against the weight of the evidence and it is impossible to ascertain the theory or theories on which the verdict was based, there should be a new trial. (See *Morgan* v. *Robinson,* 3 A D 2d 216; *Marks* v. *New York City Tr. Auth.,* 11 A D 2d 993, affd. 13 N Y 2d 620; see, also, 8 Carmody-Wait 2d, New York Practice, § 57.10.)

We have fully considered the arguments of the defendants that there is no evidence of negligence on their part. This accident probably would not have occurred unless there was a defect in the particular nozzle or it was improperly used and, as has hereinbefore been indicated, there is some evidence tending to establish negligence on the part of both defendants. Certainly,

the circumstances are such that the plaintiff in this action for wrongful death should be afforded the benefit of an opportunity of a new trial to establish her allegations of negligence as to both defendants. The granting of a new trial in the interests of justice is well within the broad powers of this court, which in this regard, possesses the same powers as the trial court. (See CPLR 4404; 11 Carmody-Wait 2d, New York Practice, §§ 72:146, 72:166.) Also, in the interests of justice, a new trial should be had on all the cross claims and cross complaints interposed by the defendants.

The judgment so far as appealed from should be reversed, on the law, and each and every decretal paragraph thereof vacated, excepting only the paragraph awarding the defendant Mack Trucks, Inc. judgment on the merits against the plaintiff, with costs and disbursements on the appeal to abide the event; and a new trial ordered, on the law and in the interests of justice, as to the plaintiff's alleged causes of action against defendant City of New York and Akron Brass Manufacturing Company, Inc. and as to all cross claims and cross complaints interposed by defendants City of New York, Akron Brass Manufacturing Company, Inc. and Mack Trucks, Inc.

McGIVERN, J. (dissenting in part). I would affirm as to the City of New York. I believe that as to the City there is substantial evidence to the effect that the accident was caused by improper operation at the time of the accident. In any event, there certainly was sufficient evidence within the *Noseworthy* doctrine. (298 N. Y. 76.)

In no event, would I remit this case to another trial, 10 years after the event. We already have an extensive trial record that tells us all we will ever know, or need to know about the accident. Another trial would be an unnecessary and unwarranted effort of supererogation, no more trustworthy or instructive than the first. "The monstrous penalty of a new trial" is a spectre to be avoided. (1 Wigmore, Evidence [3d ed.], § 21, p. 395.) That there may have been imperfections in the trial is not to be gainsaid. But it was a fair trial, and the ultimate, and simple, issue of negligence was distilled and passed upon by the jury. And no substantial right of a party having been prejudiced, we are enjoined to disregard minor or isolated errors. (CPLR 2002; 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 2002.02, 2002.03.)

However, as to the Akron Brass Manufacturing Company, Inc., there being no witnesses to the accident, I can find no competent proof that defect of the nozzle was the proximate cause of the accident. And the City had not only used the nozzle, with-

out incident, before the accident, it was retested and restored to service after the accident. The majority seems to embrace this conclusion: '' The evidence, however, fails to support a recovery on the theory the nozzle was defective in design.''

Lastly, the City, in my view, never seriously looked to Akron as a liable party. Akron was not a party to the contract and had no contractual relation with the City. And the plaintiff did not turn its gaze towards Akron until five years after the accident. '' It was earlier noted that there is an intimate relationship between the merit of an action and the fact it has been neglected.'' (*Sortino* v. *Fisher*, 20 A D 2d 25, 31.) And it is indisputable that if Akron had been a New York corporation in 1965, any action at all against it would have been barred. (CPLR 302.)

Thus, I would affirm as to the City, and reverse and dismiss as to the defendant Akron.

NUÑEZ, J. (dissenting). I dissent and vote to affirm. The record reveals abundant evidence to justify the jury finding that the decedent's accident and resulting death were caused by the joint negligence of both defendants.

In answers to specific questions, submitted to them without objection, the jury made a factual determination that both defendants were actively negligent and jointly liable. This complex case was tried to a court and jury for nine days. It was submitted to the jury under a fair charge. In essence the jury found that the accident was proximately caused by a defect in a multiversal deluge nozzle manufactured and sold by defendant Akron of which defendant City of New York had actual knowledge. The evidence supports the modest verdict and I see no justification to disturb it.

STEVENS, P. J., and STEUER, J., concur with EAGER, J.; McGIVERN, J., dissents in part in opinion; NUÑEZ, J., dissents in opinion.

Judgment, Supreme Court, Bronx County, entered on May 26, 1969, so far as cross-appealed from, reversed, on the law, and each and every decretal paragraph thereof vacated, excepting only the paragraph awarding the defendant Mack Trucks, Inc. judgment on the merits against the plaintiff, with costs and disbursements on the appeal to abide the event; and a new trial directed, on the law and in the interests of justice, as to the plaintiff's alleged causes of action against defendant City of New York and Akron Brass Manufacturing Company, Inc. and as to all cross claims and cross complaints interposed by defendants City of New York, Akron Brass Manufacturing Company, Inc. and Mack Trucks, Inc.