FLORENCE I. LA ROCCO, as Administratrix of the Estate of PASQUALE J. LA ROCCO, Also Known as PATRICK J. LA ROCCO, Deceased, Respondent, v. PENN CENTRAL TRANSPORTATION Co., Appellant.

558

Sweeney, J.,
dissents, and votes to reverse and order a new trial, in the following memorandum, in which Staley, Jr., J., concurs: I cannot agree with the majority. A reading of the charge clearly establishes that the court repeatedly instructed the jury that it might predicate liability on negligent maintenance. It was first mentioned early in the charge in the following language: " Now that negligence may be of two kinds. It may be alleged negligence in the maintenance and operation of the road at the particular crossing involved." Towards the end of the charge it was again expressed as follows: " If you find that there was negligence on the part of the defendant either in its maintenance of the crossing or in the operation of its train   *   *   *   you may find for the plaintiff as I have indicated to you ". An examination of the record reveals no testimony as to negligent maintenance of this crossing. There was testimony by experts as to the physical condition of the crossing and as to certain distances at which the engineer could first see the crossing. There is nothing, however,

from which a jury could reasonably infer that these conditions constituted negligent construction or maintenance. The majority justifies the charge that the jury could find negligence in the maintenance of the crossing largely on the ground that the jury might consider the existence of the embankment as a factor along with the other circumstances of the speed of the train and whether or not adequate warning was given. I do not disagree with the general principle that a jury may consider an obstruction along with other circumstances on the question of adequate warning of the approach of the train. (*Cordell* v. *New York Cent. & H. R. R. R. Co.,* 70 N. Y. 119, 123; 6 Warren's Negligence, § 6.10, subd. [o], p. 230.) But such is not the situation here. The court stated that negligence could be based on maintenance. For such a charge to be proper the record must contain some evidence of negligent maintenance on the part of the railroad. The majority agrees that negligence may not be based on the existence of the embankment alone and, yet, overlooks the fact that the charge fails to explain under what circumstances the embankment may be considered in establishing negligence. This, in my opinion, is vague and misleading and constituted error. This error, coupled with the photographs of the scene depicting the obstruction, magnified the wrong. Neither can I agree with the majority's conclusion that the alleged error was not of sufficient gravity to warrant a new trial, since the last word on the subject to the jury cured any error. In my opinion, the erroneous charge presented the jury with a theory of negligence upon which it could base its verdict when the record is devoid of any substantiating proof of such negligence. The judgment should be reversed and a new trial ordered.