Memorandum.
The order of the Appellate Division should be reversed and the case remitted to Supreme Court, Albany County, for a new trial, with costs to abide the event. It was error for the trial court to charge repeatedly that the jury could
*530 find negligence if the railroad crossing, where plaintiff’s decedent was struck by a train, was improperly maintained. There was no evidence of improper maintenance, let alone that it was the proximate cause of the fatal accident. Indeed, plaintiff conceded on appeal that there was no independent ground for recovery based on the physical or static condition of the road and track crossing. The possible obstruction by the embankment to viewing the railroad tracks from the road may have a material bearing upon decedent’s contributory negligence or upon defendant’s negligence in operating the train, but not, without more, upon the question of negligence in maintaining the crossing (see Cordell v. New York Cent. & H. R. R. R. Co., 70 N. Y. 119, 123). Consequently, the instructions with respect to negligence in maintaining the crossing, as concluded in the dissenting opinion at the Appellate Division, must be deemed prejudicial. Moreover, the duty owed by defendant as lessor to provide safe access over the tracks to its tenant’s leasehold is irrelevant as it could only bear upon the question of negligence in maintaining the crossing rather than negligence in operating the train.
Judges Scileppi, Breitel, Jasen and Gibson concur in a memorandum ; Chief Judge Fuld and Judge Burke dissent and vote to affirm on the opinion at the Appellate Division; Judge Bergan taking no part.
Order reversed, etc. [For amdt. of remittitur, see 29 N Y 2d 666.]