In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY**, Debtor.

In re Petition to Stay Action against **FEDERAL INSURANCE COMPANY**.

No. 70–347.

United States District Court, E. D. Pennsylvania.

June 23, 1972.

Carl Helmetag, Jr., Philadelphia, Pa., Earl H. Gallup, Jr., Albany, N. Y., for Trustees.

Daniel H. Mahoney, Albany, N. Y., for LaRocco.

MEMORANDUM AND ORDER
NO. 796

FULLAM, District Judge.

Pasquale LaRocco was killed in a grade crossing accident in 1963. His administratrix brought suit against the Debtor's predecessor, in the Supreme Court of the County of Albany, State of New York, and, shortly before bankruptcy, obtained a verdict upon which judgment was entered on June 10, 1970. Execution issued the same day, against certain of the Debtor's bank accounts. Thereupon, the Debtor posted a supersedeas bond, with Federal Insurance Company as surety, and obtained the release of its bank accounts. On June 11, 1970,

the Debtor appealed from the adverse judgment.

The Appellate Division affirmed, 36 A.D.2d 557, 317 N.Y.S.2d 431, but the Court of Appeals reversed, vacated the judgment and granted a new trial, 29 N.Y.2d 528, 324 N.Y.S.2d 82, 272 N.E.2d 575. Thereafter, on application of the administratrix, the Court of Appeals modified its remittitur so as to provide for a new trial on the issue of liability only. The precise wording of the amended remittitur was as follows:

"Order modified and a new trial limited to the issue of liability granted, with costs to abide the event, in a memorandum. The verdict as to damages, $115,000, is held in abeyance pending the new trial, with prejudgment interest, if liability found, to be computed as of such time."

Thereafter, the administratrix obtained a ruling from the trial court to the effect that the damage portion of the original judgment remained in effect as an "interlocutory judgment," pending the outcome of the new trial on liability; and declaring that the obligation of the surety to pay the judgment continued in effect, notwithstanding the grant of a new trial by the appellate court. The Debtor attempted to challenge this ruling in an interlocutory appeal, but the appeal was dismissed on the ground that the Debtor has not been aggrieved by the ruling and therefore lacked standing to press the appeal.

Thereafter, the Debtor applied to the Court of Appeals for a further modification of its order of remand. The Court of Appeals disposed of this application on January 5, 1972, as follows:

"Motion to amend the remittitur denied. The effect on the surety's liability under the appeal bond by this Court's modification may be determined in an action on the bond, and not by repetitive motions addressed to amendment of the remittitur. It may be observed, however, that the holding in abeyance of the money verdict, that is, the assessment of damages without correlative liability, pending retrial on the issue of liability, did not continue any obligation to pay once the issue of liability had been reopened. . . . [citing authorities and cases]." (29 N.Y.2d 892, 328 N.Y.S.2d 681, 278 N.E.2d 914.)

A retrial of the negligence action has resulted in a second verdict against the Debtor. Undaunted by the statement of the Court of Appeals quoted above, the administratrix has brought suit against the bonding company, on the theory that its undertaking in the supersedeas bond which was filed on June 10, 1970 requires it to pay the judgment. (With interest and costs, the present judgment is approximately $182,000.) The Trustees of the Debtor have now petitioned this Court for an order enjoining the administratrix from prosecuting the action in the New York State court against the bonding company.

Section 77(n) of the Bankruptcy Act provides that certain claims, including "claims now or hereafter payable by sureties upon supersedeas, appeal, attachment, or garnishment bonds executed by sureties without security, for and in any action brought against such railroad corporation or trustees . . ." are entitled to priority and payment "as operating expenses of such railroad." The Trustees argue that the state action against the bonding company should be enjoined because, if the administratrix succeeds in establishing liability against the bonding company, the bonding company would be entitled to reimbursement as an operating expense, thus permitting this particular wrongful death claim to be satisfied out of the Debtor's estate, whereas thousands of other claimants similarly situated are being treated as unsecured pre-bankruptcy creditors.

Section 77(j) of the Bankruptcy Act expressly provides

". . . suits or claims for damages caused by the operation of trains . . . may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the

prosecution of any such cause of action or appeal shall be vacated."

Thus, it is quite clear that the administratrix had a perfect right to press her claim against the Debtor to final judgment in the New York courts. Of course, the same section of the statute permits the reorganization court to "enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree."

The Trustees' argument is based upon the assumption that, if the final judgment in the New York action is determined to be one which is "payable by" the bonding company, so as to give rise to a preferred claim against the estate by the bonding company, this would be equivalent to enforcement of a lien against the Debtor's estate, and thus enjoinable. Counsel for the administratrix has not challenged the validity of this assumption. But even if this reasoning is correct (a question which I find it unnecessary to decide), I do not believe it would be appropriate to enter the requested stay under the circumstances of this case.

The Trustees' position is weakened by the tacit admission that, if the original verdict has been upheld on appeal, the bonding company would unquestionably have been liable on its supersedeas bond and, upon payment to the administratrix, would be entitled to reimbursement from the Debtor's estate as an administration expense. The essence of the Trustees' present argument seems to be the assertion that, since the bonding company quite clearly is not liable on its bond, this Court should be the tribunal to say so. I believe, however, that the question of the bonding company's continuing liability on the original appeal bond is one which may safely be left to the state tribunals to resolve. The New York courts are certainly better qualified than this Court to determine the issues of state law and state appellate procedure involved. Since the Debtor's counsel in the original negligence action continues to represent the bonding company in the pending suit on the bond, the Debtor's estate can be fully protected in the state courts. The petition for a stay will be denied.