■ RUTH DEMME et al., Appellants, v ELMER J. FOGERTY, INC., Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered June 7, 1974, in favor of defendants, upon a jury verdict. Plaintiffs have processed this appeal only as against defendant Elmer J. Fogerty, Inc. Judgment reversed insofar as it is in favor of defendant Elmer J. Fogerty, Inc., on the law and the facts, without costs, and, as between plaintiffs and said defendant, action severed and new trial granted. The trial court erred in charging the jury as to the standard of care applicable in an "emergency situation" since there were no facts presented at the trial upon which a jury could properly find that defendant McMullen, the driver of the bus owned by defendant Elmer J. Fogerty, Inc., was responding to an emergency situation *(La Rocco v Penn Cent. Transp. Co.,* 29 NY2d 528; *Cady v City of New York,* 35 AD2d 202; *Jokelson v Allied Stores Corp.,* 31 AD2d 200, resettlement den. 31 AD2d 806; see, also 1 NY PJI2d 3–4, and cases cited therein). Fogerty's school bus struck the rear of plaintiff Ruth Demme's automobile while it was stopped facing another

school bus which had just stopped to discharge children. The latter bus was not involved in the collision, but its presence prohibited the passage of traffic from either direction and thus required oncoming and following vehicles to stop. Mr. McMullen testified that he saw the oncoming bus stop some 20 seconds before the accident occurred, when he was an estimated 400 to 450 feet away and driving at a speed of between 30 and 35 miles per hour. He knew that Mrs. Demme's car was in front of him and that they both were going to have to stop before reaching the oncoming bus. For some reason he did not or was unable to apply his brakes in time to avoid a rear end collision with Mrs. Demme's vehicle. While the jury might properly have been charged as to the possibility of contributory negligence, there is nothing in the record to support a charge as to an emergency situation. The testimony revealed no emergency situation. Further, in clarifying its instructions at the jury's request with regard to the possibility of both parties being at fault, the trial court unduly prejudiced plaintiffs by equating contributory negligence with "unclean hands" and likewise unduly stressing that even "slight" negligence would preclude recovery by plaintiffs (cf. *Lyons v City of New York,* 29 AD2d 923; *Kissner v Baxter,* 29 AD2d 905). In addition, the verdict was contrary to the weight of the evidence. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.