■ JOSEPH FALLON, Appellant, v XENOPHON DAMIANOS, Respondent. [596 NYS2d 134] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), entered January 4, 1991, which denied his motion to set aside a jury verdict in favor of the defendant, and (2) a judgment of the same court, also entered January 4, 1991, which, upon the jury verdict, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff was allegedly injured in a fall on a stairway in the defendant's building. On this appeal from a judgment in favor of the defendant, the plaintiff contends that the court

erred in submitting to the jury an interrogatory which limited the defendant's liability to the presence of duct tape on one of the steps. However, inasmuch as the evidence adduced at trial did not support any other theory of liability, the interrogatory was entirely proper. Indeed, it would have been erroneous to submit the interrogatory requested by the plaintiff since it included multiple theories of liability, at least one of which lacked supporting proof (see, Davis v Caldwell, 54 NY2d 176; De Luca v Kameros, 130 AD2d 705; Cady v City of New York, 35 AD2d 202). Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.