■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. QUARANTA, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 18, 1978, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our opinion, the Trial Judge should have declared a mistrial following his granting of a severance to codefendant Gourdet on the ground that Gourdet could not receive a fair trial due to the introduction of certain evidence. By allowing the trial to continue against the appellant, defense counsel was forced to change his trial strategy (see *People v Baum,* 64 AD2d 655). The prejudice was compounded when Gourdet decided to plead guilty and appear as a witness for the prosecution. Defense counsel had little opportunity to prepare for such a surprising changeover in events. Under these circumstances, the appellant is entitled to a new trial. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. SEELEY, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered October 6, 1976, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant was indicted for criminally negligent homicide. The charges resulted from an incident in which the defendant shot his girlfriend while handling his friend's gun, which the defendant had thought was unloaded. During the trial the People introduced into evidence, a photograph, taken seven months before the occurrence, which showed the defendant aiming a rifle at the head of his girlfriend while she was kneeling in front of him. The photograph was introduced during the testimony of the photographer who owned the rifle. The photographer testified that the rifle was unloaded and that he himself had checked it. He indicated that the picture was posed and that the deceased posed willingly. The picture was taken so that the defendant could send it to his brother from whom he has received similar pictures. The People introduced this picture to show that the defendant pointed guns at people. The trial court admitted it "because it shows this defendant's relationship to firearms as far as the female deceased is concerned". We hold that the photograph should not have been admitted. The picture is extremely inflammatory and has no probative value. It was one picture taken seven months prior to the incident herein. It was posed for a puerile purpose but posed nonetheless. The defendant had been assured by the owner that the rifle was unloaded. The photograph's sole purpose was to arouse the emotions of the jury and prejudice the defendant in its eyes. Thus it should have been excluded (see *People v Pobliner,* 32 NY2d 356). Although the evidence of the defendant's guilt was extensive, this error cannot be considered harmless. The prejudice created by the photograph was so extreme that the defendant was deprived of a fair trial. "The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right." *(People v Crimmins,* 36 NY2d 230, 238). Titone, J. P., Gibbons, Cohalan and Martuscello, JJ., concur.