■ NORMA MANONI et al., Respondents, v MAUREEN T. GIORDANO et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., the defendants appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated May

31, 1983, which affirmed a judgment of the County Court, Nassau County (Goldman, J.), dated January 29, 1982, in favor of the plaintiffs and against them in the principal amount of $15,624.60. ¶ Order of the Appellate Term and judgment of the County Court reversed, on the law, and matter remitted to the County Court, Nassau County, for a new trial on the issue of damages only, with costs and disbursements in this court, and $25 costs and disbursements in the Appellate Term, to abide the event. ¶ Plaintiffs' complaint alleged that due to defendants' negligence, plaintiff Norma Manoni's right leg "was severely bruised and lacerated, causing the knee joint to become sore and inflamed, causing a blood clot to develop and causing water on the said knee joint". Their bill of particulars added that Mrs. Manoni suffered a "hematoma over the medial aspect of the knee joint", and that "[o]n information and belief, the injuries aforesaid are permanent in character". ¶ The only medical report furnished by plaintiffs was a report of Dr. Richard Giliberty, plaintiff Norma Manoni's treating physician, dated July 5, 1979, in which the doctor diagnosed her injuries as follows: "Contusion of right knee with hematoma and sprain of right knee". The report concluded: "The patient continued to complain of pain in her right knee and inability to walk any distance. *At her last examination on [August 17, 1978], the hematoma had resolved and acute symptoms had subsided. The patient was able at this time to resume her normal activities*" (emphasis added). ¶ Although a supplemental medical. report was not furnished, Dr. Giliberty was permitted to testify, over objection, that he conducted another examination of plaintiff Norma Manoni (on the eve of trial), and to the results of that examination. He stated that "[s]ubpatellic crepitation of the right knee [a crackling sound produced by the rubbing of bone or cartilage surfaces] was present and painful", that "[t]here was some atrophy and weakness of the right quadriceps muscle as compared to the left" and that the injuries sustained were permanent. ¶ Although plaintiffs established a prima facie case of serious injury (Insurance Law, § 671, subd 4; cf. *Licari v Elliott,* 57 NY2d 230; *Hezekiah v Williams,* 81 AD2d 261), the matter must nevertheless be remitted for a new trial on the issue of damages only because plaintiffs violated the exchange of medical information rules of this court (22 NYCRR 672.2, 672.7, 672.8) by failing to furnish defendants with a supplemental medical report containing the results of the subsequent examination. The exchange of medical information rules provide that a medical report "shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial" (22 NYCRR 672.2 [a]). Pursuant to 22 NYCRR 672.7, if a party "intends at the trial to offer evidence of further or additional injuries or conditions, non-existent or not known to exist at the time of original service of the medical reports, such party shall, within 30 days after the discovery thereof, and no later than 30 days before trial, serve upon all parties a supplemental medical report". There was not even a hint or suggestion of atrophy, or of crepitation, or of permanent injury in the medical report furnished by plaintiffs. ¶ Prior to the new trial on the issue of damages, plaintiffs, may, of course, if so advised, comply with the medical exchange rules. In that event, defendants may, if so advised, conduct a further physical examination of plaintiff Norma Manoni. Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.