■ EDITH HILL, Respondent, v PHILIP BRESNICK, Appellant.— In a medical malpractice action, defendant appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated February 24, 1984, which, after a nonjury trial, was in favor of plaintiff in the principal sum of $75,000.

Judgment affirmed, with costs.

Plaintiff, the mother of twins, requested that defendant perform a tubal ligation to prevent further pregnancies. Defendant's testimony was inconsistent with regard to whether he cauterized and then surgically severed plaintiff's fallopian tubes or simply cauterized them. Thirteen months after the operation plaintiff developed an ectopic pregnancy in her right fallopian tube and had to undergo the removal of that tube and her right ovary. Her right tube was destroyed during the surgery but defendant's operative notes indicate that the left tube was found to be "normal". Plaintiff's expert testified that this description indicated that the left tube had not been severed in the original tubal ligation since a divided tube is not "normal". The expert further stated that, in his opinion, plaintiff became pregnant because her right tube was treated in the same manner as the left during the tubal ligation as indicated by defendant's notes, and therefore her right tube had also not been completely severed and, as a result, had reconnected itself, allowing fertilization to occur. The court, as the trier of fact, was entitled to accept plaintiff's expert's opinion that the tubal ligation failed because it was improperly performed rather than defendant's version that he performed the operation correctly and had no idea why it failed (*Felt v Olson,* 51 NY2d 977). Plaintiff's expert, defendant's expert and defendant all agreed that the failure rate of the tubal ligation procedure is related to the skill of the surgeon performing it. Therefore, the court's verdict finding that defendant departed from accepted and proper standards of medical skill and care in his performance of the tubal ligation and that such departure was the competent producing cause of

plaintiff's subsequent pregnancy was based on a fair interpretation of the evidence presented and this court is not persuaded of any sound reason to disturb it (*Taype v City of New York,* 82 AD2d 648).

Under the circumstances, the damages awarded were not excessive. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.