■ NIDIA DE LUCA et al., Respondents, v JONATHAN KAMEROS, Appellant.—In a dental malpractice action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Graci, J.), entered February 4, 1986, which, upon a jury verdict, is in favor of the plaintiff Nidia De Luca in the principal sum of $150,000, and against him and in favor of the plaintiff Cesar De Luca in the principal sum of $5,000, and against him.

Ordered that the judgment is affirmed, with costs.

The elicitation of the plaintiff Nidia De Luca's complaints to a medical expert who examined her solely in anticipation of trial was improper (see, Davidson v Cornell, 132 NY 228; Nissen v Rubin, 121 AD2d 320). However, we conclude that the single statement to which defense counsel objected does not require reversal, as the medical experts who testified for both sides confirmed Mrs. De Luca's claimed loss of feeling in various areas of her mouth and face through objective empirical testing. Moreover, the record reveals that the defense counsel committed the same impropriety of which the defendant now complains by intentionally eliciting similar hearsay evidence from one of the medical experts during his direct examination of that witness. Under these circumstances, any improper bolstering of the plaintiff's case which may have occurred must be considered harmless.

The defendant's attack upon the professional qualifications of the plaintiffs' medical expert has not been preserved for appellate review, as the defendant did not advance any legal challenge to the sufficiency of the expert's credentials in the court of first instance (see generally, CPLR 5501 [a] [3]; Sanchez v Kato, Inc., 115 AD2d 646). In any event, the contention is without merit for the witness possessed more than adequate qualifications to testify as an expert and any alleged lack of skill or expertise on his part was merely a factor to be

considered by the jury *(see, Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *Karasik v Bird,* 98 AD2d 359).* Similarly, the testimony of the plaintiffs' expert, when viewed in conjunction with that of the plaintiff Nidia De Luca and of the defendant, was legally sufficient to constitute prima facie proof of dental malpractice and proximate cause; hence, we discern no error in the trial court's submission of the case to the triers of fact *(see, e.g., Matott v Ward,* 48 NY2d 455; *Lipsius v White,* 91 AD2d 271).

Similarly unavailing is the defendant's contention that the verdict was contrary to the weight of the evidence. "It was the jury's proper function to assess the credibility of the witnesses and to resolve the conflicting testimony, including the divergent expert opinions" *(Lopez v City of New York,* 121 AD2d 369, 370; *see also, Felt v Olson,* 51 NY2d 977; *Hill v Bresnick,* 112 AD2d 919). Since the challenged verdict is supported by a fair interpretation of the evidence presented *(see, Quadrozzi v Norcem, Inc.,* 125 AD2d 559; *Nicastro v Park,* 113 AD2d 129), we discern no basis for disturbing it *(see, e.g., Cohen v Bugatch,* 121 AD2d 426).

We further find unpersuasive the defendant's contention that he was denied a fair trial by the court's allegedly imbalanced marshaling of the evidence and erroneous jury charge on the issue of liability. A review of the record demonstrates that the court's marshaling was fair and unbiased and that its charge conveyed to the jury the proper standard to be applied in resolving the liability issue *(see, e.g., Kavanaugh v Nussbaum,* 129 AD2d 559; *Dunn v Levinson,* 121 AD2d 596, *lv denied* 68 NY2d 612). The defendant's additional claim of error with respect to the court's submission of two theories of liability to the jury in a single interrogatory has not been preserved for our review *(see, e.g., Sanchez v Kato, Inc., supra; Emmons v Country Lincoln Mercury Sales,* 111 AD2d 213). In any event, we note that while the interrogatory improperly included more than one theory of malpractice *(see generally, Davis v Caldwell,* 54 NY2d 176; *Mertsaris v 73rd Corp.,* 105 AD2d 67), the record contains sufficient credible evidence to support each of those theories, as well as to support the lack of informed consent theory which was separately submitted to the jury in another interrogatory *(see, Kavanaugh v Nussbaum, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.