■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Also Known as DAVID SPENCER, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered October 10, 1985, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of June 12, 1983, the defendant and a companion approached Bernard Smith on the steps of an abandoned building in the Coney Island section of Brooklyn out of which a "smoke shop" was operated and asked to buy a half ounce of marihuana. Smith knew the defendant from the neighborhood as "Dollar" or "Dave". He did not know the defendant's companion. Following the drug sale and as Smith emerged from a first-floor apartment in the back of the building to give the defendant the change he was owed, the defendant and his companion, with guns drawn, ordered him back into the apartment. They ordered Smith and two other men who occupied the apartment to remove their clothes and lie on the floor face down. The men complied. A few moments later the decedent, Patrick McLennon, entered the apartment and engaged in a struggle with the defendant, in the course of which a shot was fired. Upon hearing the shot, Smith jumped out a closed window. As he landed on the sidewalk, he heard a shot being fired at him. Later, Smith returned to the apartment to retrieve his clothes and found Patrick McLennon lying motionless on the floor of the apart-

ment. McLennon died as a result of a gunshot wound to his head.

Following a jury trial, the defendant was convicted of two counts of murder in the second degree (intentional murder and felony murder) and criminal possession of a weapon in the second degree. Smith's eyewitness account of the shooting and the defendant's videotaped confession were the most damaging evidence introduced against the defendant at trial.

The defendant, on this appeal, contends that the introduction into evidence at the trial of four photographs of himself and a companion posing with guns deprived him of his right to a fair trial because of their highly inflammatory and prejudicial character. Furthermore, the defendant claims that the photographs should have been excluded as extrinsic evidence used to prove a collateral matter. At the trial, these photographs were introduced following the defendant's categorical denial on cross-examination that he ever carried guns. The defendant's counsel objected on the ground that the photographs were prejudicial and were introduced solely to inflame the jury as they bore no connection to the crimes with which the defendant was charged. The prosecutor responded that the photographs were introduced for the purpose of impeaching the defendant's credibility by showing his prior bad acts. Following its ruling on the question of admissibility, the court issued limiting instructions to the jury to the effect that the photographs were being admitted solely on the issue of the defendant's credibility and not to show that the gun the defendant displayed in the photographs had been used in the commission of the instant crimes.

Previously, the defendant's failure to raise before the trial court the particular ground sought to be raised on appeal would have served to waive any error of law with respect thereto (see, e.g., People v Chin, 67 NY2d 22, 33-34; People v Karabinas, 63 NY2d 871, cert denied 470 US 1087). However, the 1986 amendment to CPL 470.05 (2) (L 1986, ch 798) broadens the circumstances under which preservation of an error of law for appellate review will be found and permits an issue to be raised on appeal, even in the absence of an objection on the specific ground proffered, if the trial court expressly decided the question so raised (see generally, Preiser, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, 1988 Pocket Part, CPL 470.05, at 5). Thus, contrary to the People's contention, any error of law with respect to the question of whether the photographs were inadmissible because they pertained to a collateral matter has been properly

preserved by the trial court's ruling and will be reviewed upon this appeal. The general rule in this State is that a party who is cross-examining a witness may not introduce extrinsic documentary evidence on a collateral matter solely to impeach credibility *(People v Alvino,* 71 NY2d 233, 247-248; *People v Pavao,* 59 NY2d 282, 288-289; Richardson, Evidence § 491, at 477 [Prince 10th ed]). In such cases, the cross-examiner remains bound by the answers of the witness on collateral matters *(People v Crandall,* 67 NY2d 111, 118; *People v Pavao, supra,* at 288). No general principles defining the parameters of what constitutes a collateral matter are laid down in the decisional law. Rather, resolution of this question must be approached on a case-by-case basis *(People v Medina,* 130 AD2d 515, 516, *lv denied* 70 NY2d 715; *People v Gonzalez,* 100 AD2d 852). It has been stated, however, that "facts are not 'collateral' if they are relevant to some issue in the case, or if they are independently admissible to impeach the witness" (Richardson, Evidence § 491, at 478 [Prince 10th ed]; *see, People v Schwartzman,* 24 NY2d 241, 245, *rearg denied* 24 NY2d 916, *cert denied* 396 US 846).

A correlative rule governing the key issue on appeal is that photographic evidence should be excluded if its sole purpose is to arouse the passions of the jury and to prejudice the defendant *(see, People v Pobliner,* 32 NY2d 356, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Hunter,* 131 AD2d 877, 878, *lv denied* 70 NY2d 875; *People v Sims,* 110 AD2d 214, 222, *lv denied* 67 NY2d 657). Such evidence is properly admissible "if [it] tend[s] to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" *(People v Pobliner, supra,* at 369; *see, People v Sims, supra,* at 222).

Upon application of these principles to the facts before us, we conclude that cross-examination of the defendant and the introduction of documentary evidence concerning the defendant's possession of guns was proper. The photographic evidence in this case was probative of a material issue involving this incident, namely, the defendant's possession of a gun. Moreover, the case turned upon the credibility question to which this documentary evidence was highly relevant. Thus, while the weapons exhibited in the photographs at trial were not specifically tied to the crimes at issue, this photographic evidence was directly relevant to the issue of the defendant's possession of a weapon and thereby the means to commit the murder charged. Nor may it be said that the sole purpose of

introducing the relevant evidence was to inflame the emotions of the jury. Any prejudice which might have accrued was offset by the trial court's prompt limiting instructions to the jury.

Even assuming, arguendo, that the photographs should not have been admitted because of their inflammatory or prejudicial potential, any error in this respect must be deemed harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Gordon,* 131 AD2d 588, 590, *lv denied* 70 NY2d 750). We do not believe that there was a significant probability that the jury would have acquitted the defendant were it not for this alleged error *(People v Crimmins,* 36 NY2d 230, 242; *cf., People v Seeley,* 74 AD2d 910).

We do not find that the facts of *People v Mercado* (120 AD2d 619, *lv denied* 68 NY2d 759) or *People v Seeley (supra),* upon which the defendant places considerable reliance, mandate a contrary result. In both *Mercado* and *Seeley* the photograph being challenged had been introduced solely for the purpose of arousing the jury's emotion and prejudicing the defendant and no other legitimate purpose was advanced by the prosecution for the introduction of the photographic evidence.

We further find that the sentence imposed, which was within the statutory limits, was neither unduly harsh nor excessive. Thompson, J. P., Weinstein and Sullivan, JJ., concur.

Brown, J., concurs and votes to affirm the judgment appealed from, with the following memorandum: I concur in the majority's determination that any error of law with respect to the admission into evidence of four photographs of the defendant and a companion posing with guns was harmless. However, I write separately because I cannot concur in the reasoning which leads the majority to conclude that there was no error.

The majority recognizes that as a general rule the cross-examiner is bound by the answers of the witness to questions concerning collateral matters asked solely to impeach the witness's credibility *(People v Alvino,* 71 NY2d 233). "It is well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" *(People v Pavao,* 59 NY2d 282, 288-289). However, the majority goes on to conclude that the photographs here were properly admitted because they were "probative of a

material issue involving this incident, namely, the defendant's possession of a gun. * * * Thus, while the weapons exhibited in the photographs at trial were not specifically tied to the crimes at issue, this photographic evidence was directly relevant to the issue of the defendant's possession of a weapon and thereby the means to commit the murder charged". I simply cannot agree.

The fact that the defendant, a few years prior to the trial, posed with a gun in his hand, does not have any tendency in reason to prove that on the date of the incident herein, the defendant possessed a gun with intent to use it unlawfully and did in fact use it to kill Patrick McLennon *(see, People v Lewis,* 69 NY2d 321, 325; *see also, People v Mercado,* 120 AD2d 619, 620, *lv denied* 68 NY2d 759 [where this court reversed a judgment of conviction on the basis, *inter alia,* that two photographs depicting the defendant posing with two handguns were admitted into evidence, finding that "the photographs served no purpose other than to improperly portray the defendant as a gun-carrying criminal"]; *People v Seeley,* 74 AD2d 910 [where the People introduced into evidence a photograph, taken seven months before the defendant's alleged shooting of his girlfriend, in which defendant was aiming a rifle at his girlfriend's head, and this court held that the photograph had no probative value and was introduced solely for the purpose of arousing the emotions of the jury and prejudicing the defendant]). Nor does this photographic evidence tend to disprove some affirmative fact which the defendant endeavored to prove *(see, People v Crandall,* 67 NY2d 111, 118). The defense asserted here was one of alibi. In this context, the defendant's negative reply to the prosecutor's inquiry as to whether he had "carried guns in the past" did not "refram[e] the dispute before the court and affirmatively [attempt] to convince the jury of [the defendant's] innocence not just in this instance but because his entire history was inconsistent with guilt" *(People v Alvino, supra,* at 247). In short, under the circumstances, the prosecutor was bound by the defendant's negative response, and the trial court erred in permitting him to introduce extrinsic evidence on the collateral matter of whether the defendant carried a gun in the past, which evidence the prosecutor admitted was being introduced solely to impeach the defendant's credibility.

As previously noted, however, I agree that any error was, under the facts of this case, harmless and, accordingly, I vote to affirm the judgment appealed from.