■ RIDLEY SCOTT, Respondent, et al., Plaintiff, v SELVIN MASON, Defendant, and FRANKLIN DAVIS et al., Appellants. (Action No. 1.) NELGRIN MASON, as Administratrix of the Estate of KIRKLAND P. MASON, Deceased, Plaintiff, v FRANKLIN DAVIS et al., Defendants. (Action No 2.)—In consolidated negligence actions to recover damages for personal injuries, etc., and to recover damages for wrongful death, the defendants Davis and Guess appeal in action No. 1 (1) from an order of the Supreme Court, Kings County (Shaw, J.), dated May 18, 1988, which denied their motion to set aside a jury verdict, and (2), as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Shaw, J.), entered October 3, 1988, as, upon that jury verdict, is in favor of Ridley Scott and against them in the principal sum of $500,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The instant actions arose as a result of a two-van collision on Atlantic Avenue in Brooklyn which occurred after midnight on the morning of May 23, 1983. The injured plaintiff Ridley Scott was a passenger in the van (hereinafter the Mason van) owned by the defendant Selvin Mason and operated by his brother Kirkland Mason. Kirkland Mason died in the accident after the van burst into flames. The appellants Guess and Davis, the owner and operator, respectively, of a second van (hereinafter the Davis van), claimed that the Mason van crossed in front of them, struck a pillar supporting the elevated Long Island Railroad line and then "bounc[ed] back", striking the front of the Davis van. However, Ridley Scott related a totally different version and testified that the Davis van initially struck the rear of the Mason van which caused the driver to lose control and come in contact with the pillar. The plaintiffs also called an eyewitness Gloria Watkins, who initially stated that the Davis van struck the rear of the Mason van before the Mason van struck the pillar. On cross-examination, she was equivocal, admitting she could not say which had occurred first, the collision of the vans or the collision of the Mason van with the elevated railroad pillar. The appellants also called an eyewitness Ellison Green, who, in the main, supported their version of the accident. However, this witness was discredited when a photograph was introduced to demonstrate that his view of the accident scene, from the position where he was standing at the time of the occurrence, would have been obstructed.

Counsel for the appellants introduced a toxicology report at trial which revealed that a test on the deceased driver's brain indicated the presence of ".32g%" alcohol. The appellants also called as a witness a toxicologist who did not personally perform the autopsy to interpret the contents of the report and explain the test results to the jury. The other parties extensively cross-examined this expert witness as to his lack of personal knowledge as to the test conditions.

The appellants now seek to have the finding that they were 100% at fault in the happening of the accident set aside on the ground that the verdict was contrary to the weight of the evidence. We disagree. It is the proper function of the jury to assess the credibility of witnesses, to resolve conflicting testimony and to determine all factual questions *(see, Lopez v City of New York,* 121 AD2d 369, 370; *Sheps v Hall & Co.,* 112 AD2d 281). Resolution of issues regarding the credibility of both expert and lay witnesses and the accuracy of their testimony are matters peculiarly within the province of the

jury *(see, Norfleet v New York City Tr. Auth.,* 124 AD2d 715; *Chodos v Flanzer,* 109 AD2d 771). Whether to set aside a jury verdict as against the weight of the evidence is essentially a factual determination, and the standard to be applied is that the jury could not have reached its decision "on any fair interpretation of the evidence" *(Quadrozzi v Norcem, Inc.,* 125 AD2d 559, 561; *De Luca v Kameros,* 130 AD2d 705; *Nicastro v Park,* 113 AD2d 129).

Our review of the record reveals that the jury was presented with diametrically different versions of how the accident occurred. We conclude that the version apparently accepted by the jury, namely, that the Davis van struck the rear of the Mason van, causing it to collide with the pillar, was based on a fair interpretation of the evidence and should not be set aside as against the weight of the evidence. In this regard, we note that if this version of the occurrence was accepted by the jury, the jury could have also reasonably determined that the intoxicated state of the decedent Davis was not a proximate cause of the accident *(see, Walker v New York City Tr. Auth.,* 130 AD2d 442).

We turn now to two claimed errors committed during the trial. First, the appellants contend that Dr. Henry J. Magliato, a physician who treated the plaintiff Ridley Scott, improperly testified as to the history given to him by his patient. Secondly, the appellants complain that the two counsel who were representing the driver of the Mason van made improper statements to the jury during summation with regard to the manner of introduction and effect of the toxicological report.

A treating physician may testify to the history obtained from the patient if it is germane to diagnosis and treatment *(see, Wilson v Bodian,* 130 AD2d 221; *De Luca v Kameros,* 130 AD2d 705, *supra; Nissen v Rubin,* 121 AD2d 320). In this case, Dr. Magliato was a treating physician, and the limited history testified to by him, namely, that the van was struck by some form of motor vehicle, was medically relevant to diagnosis and treatment and was admissible.

The summation issue presents a more difficult problem in that the two attorneys for the decedent Mason went beyond the realm of proper arguments reasonably related to the evidence in the case. However, we note that virtually all of these comments were made without objection or a motion for a mistrial *(see, Schein v Chest Serv. Co.,* 38 AD2d 929; *cf., Lyons v City of New York,* 29 AD2d 923 ["The trial court compounded the resulting prejudice to plaintiff by overruling his objections without proper rebuke to defense counsel and

without proper instructions to the jury"]; *Dunne v Lemberg,* 54 AD2d 955, 956 ["in our view, appellants' counsel, in effect, waived his objection to the remarks * * * by not moving for a mistrial until after the jury had returned its verdict"]). Nor is there any reason for us to exercise our discretionary power to review the propriety of those summation statements in the interest of justice. The comments complained of have some evidentiary basis and do not rise to the level of the type of summation error mandating reversal *(see, e.g., Vassura v Taylor,* 117 AD2d 798; *Weinberger v City of New York,* 97 AD2d 819; *Giuamara v O'Donnell,* 96 AD2d 1049; *La Russo v Pollack,* 88 AD2d 584; *Caraballo v City of New York,* 86 AD2d 580).

We have reviewed the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.