■ WILLIAM EASLEY, Respondent, v CITY OF NEW YORK et al., Appellants.—Judgment of the Supreme Court, Bronx County (David Levy, J.), entered April 12, 1991, upon a jury verdict in favor of plaintiff resulting in an aggregate award of

$1,716,349.80 for medical expenses, loss of earnings and past and future pain and suffering, unanimously reversed, on the law, and the matter remanded for a new trial before another Judge, without costs.

Plaintiff alleges that the injuries he sustained upon his arrest following a domestic disturbance resulted from excessive force used by the arresting officers. A police "Sprint" report indicates that, at 9:01 on March 23, 1985, a call was made to the Communications Division by a male individual who requested assistance for his sister, described as plaintiff's "common-law wife", who was being held at knife-point by plaintiff, and for his nephew, who was cut while interceding in the altercation. Defendant McCann, Police Officer Callas, and two other officers immediately responded to the call. Plaintiff failed to comply with their request to drop the knife, grabbed his "common-law wife" by the neck, and attempted to take her into a nearby bathroom. The police pulled the woman away from plaintiff and pushed him into the bathtub. Plaintiff asserts that he was then beaten by the officers. He sustained a displaced fracture of the tibia which was aggravated by osteomyelitis. At trial, plaintiff called Dr. Harry Sherman, a nontreating physician who based his testimony on a portion of plaintiff's medical records. Plaintiff did not call his own physician, Dr. Ergas, who had been treating plaintiff's injuries since approximately 1986 up until the time of trial.

An expert witness is not precluded from stating his medical opinion where he has examined the injured party and a review of the record supports his conclusion. A non-treating physician, hired only to testify as an expert witness, cannot testify about the history of an accident as related to him by the plaintiff (Nissen v Rubin, 121 AD2d 320, 321). Nor can he testify concerning plaintiff's medical complaints (supra). This rule is designed to prevent unfair bolstering of a party's testimony as to the cause and extent of his injuries (Daliendo v Johnson, 147 AD2d 312, 320).

Dr. Sherman never examined plaintiff. His opinion was based solely upon a conversation with plaintiff's attorney on the morning of his scheduled appearance and concededly incomplete medical records. The central issue in this case is the credibility of plaintiff's testimony with respect to the cause of his injuries. It was therefore highly prejudicial to allow plaintiff's non-treating expert witness to testify about the history of the injury and to speculate about plaintiff's current physical condition (Nissen v Rubin, supra; see also, De Luca v Kameros, 130 AD2d 705).

It was also error to deny defendant's request for a missing witness charge. While the mere failure to produce a witness at trial is insufficient to justify the charge *(People v Gonzalez,* 68 NY2d 424), "it is well settled that a missing witness charge is warranted for the failure to call a treating physician as a witness at trial, unless the party opposing the inference shows that the witness is either unavailable, not under his control, or that the witness's testimony would be cumulative" *(Dayanim v Unis,* 171 AD2d 579, 580). Plaintiff failed to sustain his burden in this regard.

Finally, the jury's award of $180,000 for lost earnings is speculative due to the lack of competent medical evidence that plaintiff's purported inability to work was directly attributable to injury sustained during this incident as opposed to numerous other unrelated physical ailments *(see, Harrison v Dombrowski,* 175 AD2d 37). The jury's assessment of damages for past and future pain and suffering, even as reduced by the trial court, deviates materially from what would be reasonable compensation in light of the extent of plaintiff's other medical complaints (CPLR 5501 [c]). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.