■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SETTEROTH, Appellant. [607 NYS2d 15] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 11, 1992, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's constitutional right to present evidence at the *Mapp* hearing was not denied when the hearing court refused his request for a continuance so that he could call the officer who observed the "buy and bust" operation (the "ghost") which ultimately led to his arrest. The decision was properly

within the court's discretion, there being no indication that the People "improperly withheld information concerning the existence of this witness or the nature of his potential testimony" *(People v Shepard,* 162 AD2d 226, *lv denied* 76 NY2d 944). The request must be supported by a "bona fide factual predicate" demonstrating that the witness possessed material, noncumulative evidence *(People v Witherspoon,* 66 NY2d 973, 974). Such was not the case here since defense counsel merely conjectured that the testimony of the arresting officer differed from the events the "ghost" saw and communicated.

Defendant's claim that probable cause was not established at the suppression hearing since the "ghost" member of the "buy and bust" operation did not testify thereat is unpreserved for review, and we decline to review it in the interest of justice. Were we to review, we would find that "contrary to defendant's contention, the testimony of the ghost was unnecessary in view of the arresting officer's testimony that he relied on information from [the ghost] who personally observed the transaction" *(People v Hernandez,* 189 AD2d 634, 635, *lv denied* 81 NY2d 971).

We have examined defendant's remaining contention and find it without merit. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.