■ ROBERT RICHARDSON, Respondent, et al., Plaintiff, v N.J. CAVAGNARO & SONS MACHINE CORP., Defendant and Third-Party Plaintiff-Respondent. MAROTTO & Co., INC., Third-Party Defendant-Appellant. [608 NYS2d 505] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered May 3, 1991, which, upon a jury verdict on the issue of fault, and a stipulation as to damages, *inter alia,* is in favor of the defendant and against the third-party defendant-appellant.

Ordered that the judgment is affirmed, with costs.

On March 23, 1982, the plaintiff Robert Richardson was injured when his right hand was caught in a hydraulic press manufactured and serviced by the defendant N.J. Cavagnaro & Sons Machine Corp. (hereinafter Cavagnaro). The accident occurred on the premises of the third-party defendant, Marotta & Co., Inc. (hereinafter Marotta), a private commercial sanitation collector, which was Richardson's employer. The jury found Marotta negligent in its maintenance and operation of the hydraulic press and returned a verdict holding Marotta 70% at fault and Cavagnaro 30% at fault for Richardson's injuries. Marotta appeals, and we affirm.

Marotta contends that the jury's verdict, which found Richardson free of any comparative negligence, was against the weight of the evidence. We reject that contention. It is well settled that a jury verdict will not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence *(see, Scott v Mason,* 155 AD2d 655).

In the instant action, Richardson was operating a hydraulic press. Intending the inside plate to descend, Richardson pressed a button. There was testimony that Richardson may

have pressed the wrong button, causing the plate to rise. The evidence further revealed that the press was designed without an interlock system, allowing it to be operated with the doors open, thus contributing to the accident and injuries. There was also evidence that Marotta removed a guard arm so that the operator of the press was required to place his arm into the press and guide the plate with his hand. Although there was evidence as to possible negligence on Richardson's part (based on the testimony that he may have pressed the wrong button), the jury could have reasonably concluded that any such negligence, even if it was established, was not a proximate cause of the injury, and that it was Marotta's negligence in removing the guard arm that was a proximate cause of the injury to the extent that it was 70% at fault in the happening of the accident. Thus, the jury's verdict, finding Richardson free of any comparative negligence, was not against the weight of the evidence.

We find Marotta's remaining contentions to be without merit *(see, O'Neill v Mildac Props.,* 162 AD2d 441; *see also, Rubin v Pecoraro,* 141 AD2d 525). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.