■ CAROL J. WEIGERT, Appellant, v VERNON H. BAKER, JR., Respondent. (Appeal No. 3.) [630 NYS2d 833] —Judgment unanimously reversed on the law without costs, motion denied, complaint reinstated and new trial granted. Memorandum: Supreme Court erred in excluding the opinion testimony of plaintiff's medical expert at trial. Plaintiff testified to the history of the accident, the injury she suffered, her symptoms, her disability and her treatment. Thus, the proof relevant to her injury was in evidence. Plaintiff's medical expert, Dr. Leve, testified that he had reviewed plaintiff's medical and hospital records and MRI report. He also testified, without objection, to the complaints of plaintiff of pain and disability, her medical history and course of treatment, including surgery, and the diagnostic tests performed upon plaintiff. Additionally, Dr. Leve examined plaintiff two months before the trial and testified to his findings. The court refused to allow Dr. Leve to testify to his diagnosis of plaintiff's injury and whether plaintiff's complaints were consistent with a herniated disc.

The fact that Dr. Leve was not plaintiff's treating physician and had not examined plaintiff's X-ray or MRI films as further diagnostic tools goes only to the weight of the testimony, not to its admissibility (*see, Grunfelder v Brooklyn Hgts. R. R. Co.*, 143 App Div 89, 91, *affd* 206 NY 720; *Natale v Niagara Mohawk Power Corp.*, 135 AD2d 955, 956-957, *lv denied* 71 NY2d 804; *see also, People v Sugden*, 35 NY2d 453, 460-461). Defendant's reliance upon *Easley v City of New York* (189 AD2d 599) is misplaced. There, the physician's opinion regarding plaintiff's physical condition "was based solely upon a conversation with plaintiff's attorney on the morning of [the physician's] scheduled appearance [at trial] and concededly incomplete medical records" (*Easley v City of New York, supra*, at 600).

We have examined plaintiff's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Ontario County, Henry, Jr., J.—Dismiss Complaint.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.