■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [637 NYS2d 379] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered February 28, 1991, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life, 7$^1$/$_2$ to 15 years and 3$^1$/$_2$ to 7 years, respectively, unanimously affirmed.

Evidence of defendant's attempted sexual attack on his former girlfriend and the retaliatory assault upon defendant by her and Keith Samuels was properly admitted to show defendant's motive for shooting Samuels (*People v Alvino*, 71 NY2d 233, 241-242), and also to complete the former girlfriend's narrative and assist the jury in comprehending the crime (*People v Steinberg*, 170 AD2d 50, 73, *affd* 79 NY2d 673). There is ample support for the trial court's finding that the probative value of the background and motive evidence outweighed the risk of undue prejudice to defendant.

The adverse inference charge given to the jury was an appropriate sanction for the detective's improper destruction of a statement written by defendant's former girlfriend that encompassed matters extraneous to apprehending the shooter, particularly since those matters were fully examined at trial, there was no improper motive for destruction of the statement, and any prejudice from its destruction was minimal, at most (*People v Martinez*, 71 NY2d 937, 940). Dismissal of the charge, sought by defendant, is a drastic remedy that should be invoked rarely as an appropriate sanction for failure to preserve evidence (*People v Haupt*, 71 NY2d 929).

Defendant's right to a public trial was not infringed by the trial court's order limiting spectator traffic in and out of the courtroom during a key witness's testimony in light of the court's finding that the jury was being unduly distracted (*People v Glover*, 60 NY2d 783, *cert denied* 466 US 975). Comments made by the prosecutor during summation were not objected to on the grounds now raised and, accordingly, any legal issue raised by those comments is not preserved for appellate review (*People v Balls*, 69 NY2d 641). Were we to review these unpreserved claims in the interest of justice, we would find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.