(April 8, 2002)

■ RAQUEL ADKINS, Respondent, et al., Plaintiff, v QUEENS VAN-PLAN, INC., et al., Appellants. [740 NYS2d 389] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), entered December 27, 2000, which, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 on the issue of liability and upon a jury verdict on the issue of damages, is in favor of the plaintiff Raquel Adkins and against them in the principal sum of $75,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of damages only as to the plaintiff Raquel Adkins, with costs to abide the event.

Contrary to the defendants' contention, the trial court properly granted the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability as there was no rational basis upon which the jury could have found in favor of the defendants or found that the injured plaintiff, Raquel Adkins, was comparatively negligent (*see Thompson v City of New York,* 60 NY2d 948, 950).

However, because of certain erroneous rulings, there must be a new trial on the issue of·damages. A nontreating physician, retained only as an expert, may not testify regarding the history of an accident as related by the plaintiff or concerning the plaintiff's medical complaints (*see Davidson v Cornell,* 132 NY 228; *Easley v City of New York,* 189 AD2d 599; *De Luca v Kameros,* 130 AD2d 705; *Nissen v Rubin,* 121 AD2d 320). The expert may give an opinion based on, *inter alia,* an examination of the plaintiff (*see Daliendo v Johnson,* 147 AD2d 312, 320).

The Supreme Court properly permitted the plaintiffs' expert to state his opinion based on his examination of Adkins and his review of the MRI films which were in evidence (*see Wagman v Bradshaw,* 292 AD2d 84). However, the court erred in allowing the plaintiffs' expert to testify regarding Adkins' medical complaints and to summarize and read statements and findings contained in the reports and records of Adkins' treating physicians, as those reports and records were not in evidence and the physicians did not testify at trial (*see Flamio v State of New York,* 132 AD2d 594; *De Luca v Kameros, supra; Nissen v Rubin, supra*). Under the circumstances of this case, the error was not harmless (*see Nissen v Rubin, supra*).

The Supreme Court also improvidently exercised its discretion in denying the defendants' request for a missing witness charge with respect to two of Adkins' treating physicians, Dr. Kelly O'Malley and Dr. Albert J. Ciancimino. Contrary to the plaintiffs' contention, the request was timely made before the close of testimony (*compare Thomas v Triborough Bridge & Tunnel Auth.,* 270 AD2d 336). The defendants requested the missing witness charge some time before November 5, 2000, the date the plaintiffs opposed it, and testimony in the case continued on November 6, 2000. The defendants established their entitlement to such a charge, and the plaintiffs failed to demonstrate that the doctors were unavailable, not under their control, or that their testimony would be cumulative (*see Price v City of New York,* 258 AD2d 635; *Easley v City of New York, supra; Dayanim v Unis,* 171 AD2d 579).

The defendants' remaining contentions are without merit. Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.