■ The People of the State of New York, Respondent, v Ruben Medina, Appellant. The People of the State of New York, Respondent, v Frank Davila, Appellant. [779 NYS2d 207]—

Judgments, Supreme Court, New York County (Budd G. Goodman, J., at suppression hearing; Rosalyn Richter, J., at jury trial and sentence), rendered August 19, 2002, convicting defendants of criminal sale of a controlled substance in the third degree, and sentencing each defendant, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdicts were not against the weight of the evidence. Issues of credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The suppression court properly denied defendant Davila's request for permission to call the observing officer to testify at the hearing, because the evidence at the hearing did not raise any substantial issue as to the legality of his arrest (*see People v*

*Chipp*, 75 NY2d 327, 337-338 [1990], *cert denied* 498 US 833 [1990]; *People v Petralia*, 62 NY2d 47 [1984], *cert denied* 469 US 852 [1984]; *People v Setteroth*, 200 AD2d 533 [1994], *lv denied* 83 NY2d 876 [1994]). There was nothing in the arresting officer's hearing testimony that suggested that the observing officer's radio transmission failed to provide probable cause for the arrest.

The trial court properly permitted the People to elicit a prior consistent statement made by the observing officer since defendants, using the officer's testimony given at a prior trial at which the jury was unable to agree on a verdict, had implied that aspects of the officer's testimony at the instant trial were recent fabrications intended to strengthen the People's case (*see People v McDaniel*, 81 NY2d 10, 18 [1993]). Furthermore, the prior consistent statement predated the particular motive to falsify asserted by the defense (*see People v McClean*, 69 NY2d 426, 430 [1987]; *People v Baker*, 23 NY2d 307, 322-323 [1968]).

The court properly exercised its discretion in imposing an adverse inference instruction, but no further sanction, for the People's loss of photos and map layovers that had been used for explanatory purposes at the first trial, since the prejudice to defendants was minimal (*see People v Haupt*, 71 NY2d 929 [1988]; *People v Williams*, 223 AD2d 491 [1996], *lv denied* 87 NY2d 1026 [1996], *cert denied* 519 US 952 [1996]). Concur— Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.