THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LEE BRIMS, JR., Appellant. [796 NYS2d 696]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered September 27, 2000, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is axiomatic that a prosecutor is under a duty to turn over, upon the request of the defense counsel, evidence favorable to the accused, where the evidence is material either to guilt or punishment (*see Brady v Maryland*, 373 US 83 [1963]). Here, the contested evidence was nothing more than an innocuous statement that a police officer overheard, devoid of context. Assuming that the evidence was exculpatory material, a defendant's constitutional right to a fair trial is not violated when, as here, he or she is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses, or as evidence during his or her case (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Brown*, 67 NY2d 555, 559 [1986], *cert denied* 479 US 1093 [1987]). Accordingly, in this case there was no *Brady* violation.

The County Court properly exercised its discretion in admitting a firearm into evidence for demonstrative purposes. The weapon the prosecution offered was significantly similar in appearance and type to the weapon multiple witnesses alleged that the defendant used during the subject incident (*see People v Langley*, 232 AD2d 427 [1996]; *People v Pike*, 131 AD2d 890, 891 [1987]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818, 819 [1982]; *People v Griffin*, 246 AD2d 668 [1998]; *People v*

*Poindexter*, 138 AD2d 418, 419 [1988]). H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.