■ The People of the State of New York, Respondent, v Luis Louis, Appellant. [34 NYS3d 11]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered June 25, 2015, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of nine years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determination in which it accepted the victim's account of the incident instead of defendant's.

The court properly exercised its discretion in admitting properly authenticated and probative video footage of the robbery, taken by a camera inside the victim's livery cab (*see generally People v Patterson*, 93 NY2d 80, 84 [1999]). To the extent the videotape was rendered incomplete by the manner in which the police downloaded it, the court provided a remedy by way of an adverse inference charge. Defendant did not preserve his claim that this instruction was insufficient, and we decline to review it in the interest of justice. As an alternative holding, we conclude that the charge was an adequate remedy that sufficed to prevent any prejudice (*see People v Handy*, 20 NY3d 663 [2013]; *People v Medina*, 9 AD3d 251 [1st Dept 2004], *lv denied* 3 NY3d 741 [2004]).

The court also properly exercised its discretion in admitting, as a model or demonstrative aid, a photograph of a revolver that was similar to the one that the victim testified was used in the robbery (*see e.g. People v Del Vermo*, 192 NY 470, 482-483 [1908]; *People v Brims*, 19 AD3d 433 [2d Dept 2005], *lv denied* 5 NY3d 804 [2005]; *People v Vasile*, 238 AD2d 221, 222 [1st Dept 1997]). While the victim at one point referred to the weapon depicted in the photo as the one used during the robbery, both the court and defense counsel corrected him, clarifying that this was not the actual revolver, and defense counsel requested no further relief. Defendant's claim of prejudice is speculative and meritless.

Defendant's challenge to the fact that the District Attorney's signature on the indictment was printed rather than handwritten is nonjurisdictional (*see People v Striplin*, 48 AD3d 878 [3d Dept 2008], *lv denied* 10 NY3d 871 [2008]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits (*see* General Construction Law § 46).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.