■ BRENDA SCARIFF et al., Appellants, v WALL STREET MAIL PICK UP SERVICE, INC., et al., Respondents. [39 NYS3d 814]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Dufficy, J.), entered February 11, 2014, which, upon a jury verdict finding that the plaintiff Brenda Scariff did not sustain a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Brenda Scariff (hereinafter the plaintiff), while a pedestrian, was struck by a vehicle driven by the defendant John Holloway III and owned by the defendant Wall Street

Mail Pick Up Service, Inc. The plaintiffs thereafter commenced this action.

At the ensuing damages trial, the plaintiff did not offer any testimony from her treating physicians. The plaintiff submitted the testimony of an expert neuropsychiatrist, who testified that the plaintiff had severe major depression as a result of the accident, and that she also had cognitive problems, which had largely improved. The trial court precluded the expert neuropsychiatrist from offering any testimony regarding the plaintiff's medical complaints or the accident history.

The defendants presented the testimony of a diagnostic radiologist who reviewed the plaintiff's MRI films, and of a behavioral neurologist who examined the plaintiff. Both physicians testified that the plaintiff did not sustain a traumatic brain injury as a result of the accident.

The jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.

Contrary to the plaintiffs' contention, the Supreme Court properly precluded the expert neuropsychiatrist from testifying regarding the plaintiff's medical complaints or the accident history. "A nontreating physician, retained only as an expert, may not testify regarding the history of an accident as related by the plaintiff or concerning the plaintiff's medical complaints. The expert may give an opinion based on, inter alia, an examination of the plaintiff" (*Adkins v Queens Van-Plan*, 293 AD2d 503, 504 [2002] [citations omitted]; cf. *Weigert v Baker*, 217 AD2d 1011 [1995]). The Supreme Court also properly precluded the expert neuropsychiatrist from testifying regarding an eve-of-trial examination of the plaintiff of which the defendants had no notice (*see Manoni v Giordano*, 102 AD2d 846, 847 [1984]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.