People v Torres (2020 NY Slip Op 05536)





People v Torres


2020 NY Slip Op 05536


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-13567
 (Ind. No. 1574/16)

[*1]The People of the State of New York, respondent,
v
Guillermo Torres, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead NY (Rosalind C. Gray and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered October 31, 2018, convicting him of criminal possession of a controlled substance in the second degree and attempted conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's plea of guilty waived all nonjurisdictional defects in the indictment (see People v Iannone, 45 NY2d 589, 600). His contention that the indictment was defective because it was not signed by both the grand jury foreperson and an Assistant District Attorney, as required by CPL 200.50(8) and (9) alleges a nonjurisdictional defect waived by his plea of guilty (see People v Quintana, 159 AD3d 1122, 1123; People v Pigford, 148 AD3d 1299, 1302; People v Louis, 140 AD3d 436, 436). In any event, the record reveals that the indictment was duly signed in accordance with the statute (see CPL 200.50[8], [9]).
The defendant was granted permission to proceed pro se, with standby counsel. The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are without merit.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court