Wilt v Montvel-Cohen (2021 NY Slip Op 04925)





Wilt v Montvel-Cohen


2021 NY Slip Op 04925


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-07778
 (Index No. 511666/16)

[*1]Kathleen Wilt, respondent, 
v
Tom Montvel-Cohen, et al., appellants.


Correia, King, Fodera, McGinnis & Liferiedge (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Ifza Riaz], of counsel), for appellants.
Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 5, 2019. The judgment, upon a jury verdict on the issue of damages awarding the plaintiff the sums of $400,000 for past pain and suffering and $200,000 for future pain and suffering, and upon the denial of the defendants' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and as excessive, is in favor of the plaintiff and against the defendants in the total sum of $616,420.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issues of damages for past and future pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the damages awards for past pain and suffering from the sum of $400,000 to the sum of $150,000, and for future pain and suffering from the sum of $200,000 to the sum of $100,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
On April 18, 2017, the plaintiff was bitten on the upper right thigh by a dog owned by the defendants as she was jogging past the dog on a public street in Brooklyn. The dog was a Rhodesian Ridgeback, and was on a long leash held by the defendant Tom Montvel-Cohen. The plaintiff commenced this personal injury action against the defendants, alleging, among other things, strict liability. The defendants conceded liability prior to the trial, and the case went to trial on the issue of damages only. At the conclusion of the trial on damages, the jury awarded the plaintiff the sums of $400,000 for past pain and suffering and $200,000 for future pain and suffering. The defendants thereafter moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and as excessive. The Supreme Court denied the defendants' motion. Subsequently, a judgment was entered in favor of the plaintiff and against the defendants in the total sum of $616,420. The defendants appeal.
Contrary to the defendants' contention, a photograph depicting a dog of the same [*2]breed as the dog that bit the plaintiff and, according to the plaintiff's testimony, similar in appearance to the dog which she observed from half a block away could properly serve as a demonstrative aid for the jury (see People v Louis, 140 AD3d 436; People v Langley, 232 AD2d 427; Flah's, Inc. v Rosette Elec., 155 AD2d 772, 773; People v Pike, 131 AD2d 890, 891). However, the particular photograph admitted into evidence, which depicted a dog in an aggressive posture, was prejudicial, although not so inflammatory as to warrant a new trial under the circumstances (see People v Smith, 163 AD3d 1005; cf. People v Seeley, 74 AD2d 910).
However, under the circumstances presented, we find that the awards of $400,000 for past pain and suffering and $200,000 for future pain and suffering materially deviated from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]; Crawford v New York City Hous. Auth., 33 AD3d 956; Wilson v Livingston, 305 AD2d 585, 585-586).
The plaintiff's comments as to the defendants' delay in conceding liability were improper. However, the comments were, in part, stricken from the record, and the jury was directed to concentrate on the "injuries allegedly sustained as a result of the dog bite." Further, the testimony of the plaintiff's expert as to the plaintiff's description of the incident and the defendants' conduct in relation thereto was improper. Since the expert was not a treating physician, her testimony as to the plaintiff's description of how the incident occurred was inadmissible hearsay (see Scariff v Wall St. Mail Pick Up Serv., Inc., 144 AD3d 660, 661; Atkins v Queens Van-Plan, 293 AD2d 503, 504). However, under the circumstances of this case, where liability was conceded, the errors do not warrant reversal.
The defendants' remaining contentions are without merit.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court